**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4013**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

THOMAS J. ERNST,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Claude M. Hilton, Senior District Judge.  (1:11-cr-00116-CMH-1)

Submitted:  June 25, 2012        Decided:  July 16, 2012

Before MOTZ, KING, and THACKER, Circuit Judges.

Affirmed in part, dismissed in part, and remanded by unpublished per curiam opinion.

Rebecca S. Colaw,  REBECCA S. COLAW, P.C., Suffolk, Virginia, for Appellant.  Neil H. MacBride, United States Attorney, Thomas J. Krepp, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas J. Ernst appeals his forty-eight-month sentence and $4,490,966.08 restitution order following a guilty plea to endeavoring to obstruct the administration of the Internal Revenue Laws, in violation of 26 U.S.C. § 7212(a) (2006), and failure to file tax returns, in violation of 26 U.S.C. § 7203 (2006). On appeal, Ernst argues that: (1) he did not knowingly and intelligently waive his right to appeal; (2) his trial counsel was constitutionally ineffective for failing to request a mental evaluation; (3) the district court erred by failing to sua sponte order a mental evaluation and conduct a competency hearing; and (4) the district court erred by failing to make specific factual findings with respect to his financial resources, financial needs, and earning ability in making its restitution order.

The Government seeks to enforce the appellate waiver provision of the plea agreement, arguing that Ernst is precluded from challenging the district court's restitution order. In the plea agreement, Ernst agreed to waive the right to appeal "the conviction and any sentence within the statutory maximum . . . on any ground whatsoever." A defendant may, in a valid plea agreement, waive the right to appeal under 18 U.S.C. § 3742 (2006). United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). An appellate waiver must be "the result of a knowing and

2

intelligent decision to forgo the right to appeal." United States v. Broughton-Jones, 71 F.3d 1143, 1146 (4th Cir. 1995) (internal quotation marks and citation omitted). We review de novo whether a defendant has effectively waived his right to appeal. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992).

To determine whether a waiver is knowing and intelligent, we examine "the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks and citation omitted). Generally, if a court fully questions a defendant regarding the waiver of his right to appeal during the Rule 11 colloquy, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). However, this court will "refuse to enforce an otherwise valid waiver if to do so would result in a miscarriage of justice." Id. (internal quotation marks and citation omitted).

We find that Ernst knowingly and intelligently waived his right to appeal his convictions and sentence. Ernst asserts that his waiver was not knowing and intelligent "because there was an underlying mental condition" and "lack of rationality." However, despite the fact that Ernst was on medication for

depression at the time of the hearing, nothing in the plea colloquy transcript indicates that his condition affected his ability to understand the proceedings or comprehend the rights he waived in the plea agreement. During the Rule 11 hearing, the court specifically questioned Ernst regarding the waiver provision. Ernst, a sixty-six-year-old man with two college degrees, a Ph.D candidacy, and a law degree, confirmed that he had read, reviewed, and understood the plea agreement, and did not have any questions. On the record before us, we conclude that the appellate waiver is valid and enforceable.

Pursuant to 18 U.S.C. § 3663(a)(3), a district court may "order restitution in any criminal case to the extent agreed to by the parties in the plea agreement." Ernst's plea agreement provides: "The defendant agrees to pay restitution to the Internal Revenue Service pursuant to 18 U.S.C. § 3663(a)(3)," the full amount to be determined by the court after the preparation of the presentence report ("PSR"). The district court was authorized to impose restitution by statute, and the imposition of $4.49 million in restitution did not exceed the statutory maximum. See United States v. Cohen, 459 F.3d 490, 497 (4th Cir. 2006) ("[A] defendant who has agreed '[t]o waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed,' . . . has waived his right to appeal a restitution order."). Thus,

4

Ernst's challenge to the restitution order falls within the scope of the waiver provision and may not be reviewed by this court.

The waiver provision, however, does not preclude this court from considering claims of ineffective assistance of counsel, which are not exempt from even valid waivers of appellate rights. Nonetheless, claims of ineffective assistance of counsel should be raised in a 28 U.S.C.A. § 2255 (West Supp. 2010) motion rather than on direct appeal, unless the appellate record conclusively demonstrates ineffective assistance. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). Because the record before us does not conclusively establish that Ernst's trial counsel was ineffective by failing to investigate Ernst's mental condition or failing to request a mental evaluation, we decline to review these claims on direct appeal, and we affirm his convictions.

We now turn to Ernst's argument that the district court abused its discretion in failing to sua sponte order a mental evaluation and conduct a competency hearing. The conviction of a defendant when he is legally incompetent is a violation of due process, and Congress has safeguarded this right by providing that trial courts may conduct competency hearings. Beck v. Angelone, 261 F.3d 377, 387 (4th Cir. 2001); United States v. Mason, 52 F.3d 1286, 1289 (4th Cir. 1995).

5

When neither party moves for a competency hearing, the district court shall sua sponte order such a hearing "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). In addition, "[p]rior to the date of the hearing, the court may order that a psychiatric or psychological examination of the defendant be conducted." § 4244(b).

A petitioner may make a procedural competency claim by alleging that the trial court failed to hold a competency hearing after the petitioner's mental competency was put in issue. Beck, 261 F.3d at 387. To prevail, the petitioner must establish that the trial court ignored facts raising a "bona fide doubt" regarding the petitioner's competency to stand trial. Id. However, a defendant "need not demonstrate on appeal that he was in fact incompetent, but merely that the district court should have ordered a hearing to determine the ultimate fact of competency." United States v. Banks, 482 F.3d 733, 742 (4th Cir. 2007). Because the district court "is in a superior position to adjudge the presence of indicia of incompetency constituting reasonable cause to initiate a hearing," we review the district court's determination that no

6

reasonable cause existed to order a § 4241 competency hearing for an abuse of discretion.  Id. at 742-43.

We conclude that the district court did not abuse its discretion in failing to sua sponte order a mental evaluation or conduct a competency hearing.  At sentencing, counsel for Ernst expressed concern regarding Ernst's mental health, stating that Ernst "is not rational" and "has trouble accepting things." However, when asked for clarification by the district court, Ernst's counsel admitted, "I don't think it's a basic competency issue," and withdrew his request for a mental health evaluation. Ernst's trial counsel did not assert that Ernst was "unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense," as required under 18 U.S.C. § 4241(a), and Ernst makes no such assertion on appeal.

Moreover, Ernst's diagnosis and treatment for depression alone does not render him incompetent.  See Hall v. United States, 410 F.2d 653, 658 (4th Cir. 1969) ("[T]he presence of some degree of mental illness is not to be equated with incompetence to be sentenced.").  Beyond a broad assertion that he was "wide-eyed and irrational," Ernst fails to allege that he has been diagnosed with an additional mental health condition, fails to submit affidavits from his treating psychiatrist addressing his mental health, and fails to

7

articulate the impact of his alleged mental condition upon his ability to understand the proceedings. In short, Ernst has not presented facts that establish a "bona fide doubt" regarding his competency to stand trial, as required to establish a procedural competency claim. The district court therefore did not abuse its discretion by failing to sua sponte order a mental evaluation or conduct a competency hearing.

In addition, Ernst fails to establish that the district court violated his substantive due process rights by convicting him and sentencing him while he was incompetent. "[A] petitioner raising a substantive claim of incompetency is entitled to no presumption of incompetency and must demonstrate his incompetency by a preponderance of the evidence." Beck v. Angelone, 261 F.3d 377, 388 (4th Cir. 2001). Ernst states on appeal only that he "may or may not have been competent in this matter." Accordingly, he has not established by a preponderance of the evidence that he was, in fact, incompetent at the time of sentencing.

Although Ernst is precluded from appealing the restitution order based upon his appellate waiver, the Government requests that this court remand the case for the limited purpose of determining a payment schedule that accounts for Ernst's financial condition, pursuant to 18 U.S.C. § 3664(f)(2). In fashioning a payment schedule for a

restitution judgment, a district court must "make a factual finding keying the statutory factors [listed in 18 U.S.C.A. § 3664(f)(2)] to the type and manner of restitution ordered." United States v. Dawkins, 202 F.3d 711, 716 (4th Cir. 2000). The district court may satisfy this requirement by adopting the proposed findings contained within the PSR.  Id.

Although the district court adopted the proposed findings set forth in the PSR in this case, as the Government emphasizes on appeal, the PSR is "devoid of any factual finding that keys [the defendant's] financial situation to the restitution schedule ordered or finds that the order is feasible."  Id. at 717.  The PSR stated that, although Ernst claimed to own gold mines in Colorado worth $300 million to $800 million, the Government questioned the veracity of these claims. The PSR further noted that Ernst had no known liquid assets or income, other than Social Security benefits.  We note that the district court was authorized to order payment of restitution due immediately.  See 18 U.S.C. § 3664(f)(3)(A)-(B).  However, given the ambiguity regarding Ernst's financial resources, we remand this case to the district court to make factual findings regarding Ernst's current financial assets and fashion an appropriate payment schedule, as the Government has requested on appeal.

Accordingly, we affirm the judgment of conviction, dismiss the appeal of the restitution order, and remand for the district court to make factual findings consistent with this opinion and determine an appropriate payment schedule for the restitution order.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
DISMISSED IN PART,
AND REMANDED

10